UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE WILFREDO LEIVA, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>M & A TREE SERVICE, INC., and MICHAEL TOMAIO, individually,<br><br>    Defendants. | COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded |

    Plaintiff Jose Wilfredo Leiva ("Leiva" or "Plaintiff") on behalf of himself and all others similarly situated, by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants, M & A TREE SERVICE, INC. ("M&A" or "corporate Defendant"), and MICHAEL TOMAIO, individually ("Tomaio" or "individual Defendants") (collectively "Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other persons similarly situated –landscape and tree laborers- who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b).

1

3. Defendants engaged in a policy and practice of requiring Plaintiff and members of the putative collective to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and New Jersey state law.

4. The Plaintiff has initiated this action on behalf of himself and similarly situated employees to recover the overtime compensation that Plaintiff and similarly situated employees were deprived of, as well as liquidated and/or treble damages, as applicable, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Plaintiff's NJWHL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Plaintiff performed non-exempt landscaping and tree removal duties for the Defendants based from Defendants' corporate headquarters located in Somerville, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, the corporate Defendant was and remains an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants own, operate, and/or manage tree maintenance and removal and landscaping

business. Defendants purchase goods and materials from vendors in New Jersey as well as from other states throughout the country. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., its employees handle goods or materials that have been moved or produced in interstate commerce. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiff**

10. Plaintiff Leiva is an adult individual who is a resident of Somerset County, New Jersey.

11. Plaintiff Leiva was employed by Defendants for over two years from in or about September 2020 through in or about early November 2022, and worked as a landscape laborer in furtherance of Defendants' restaurant business.

**Corporate Defendant**

12. M&A is a New Jersey domestic corporation, with its main business address listed as 150 West End Avenue, Somerville, New Jersey.

13. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor and services on behalf of Defendants.

**Individual Defendant**

14. Upon information and belief, individual Defendant Tomaio is a New Jersey state resident.

15. Upon information and belief, at all times relevant to this Complaint, the individual Defendant Tomaio has been an owner, partner, officer and/or manager of the Defendant M&A.

16. Upon information and belief, at all times relevant to this Complaint, the individual Defendant Tomaio has had power over personnel decisions at the Defendant M&A's business.

17. Individual Defendant Tomaio was regularly present at M&A and managed the day to day operations, controlled the employee pay practices, and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

18. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00, annually.

19. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

## COLLECTIVE ALLEGATIONS

20. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

21. This action is brought on behalf of Plaintiff and a putative collective consisting of similarly situated employees who performed work for Defendants.

22. The Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA and NJWHL by failing to pay Plaintiff and similarly situated employees' overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

23. The claims of the Plaintiff are typical of the claims of the putative class. The Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Plaintiff and putative class members thus have sustained similar injuries as a result of Defendants' actions.

24. Upon information and belief, Defendants uniformly apply the same employment policies,

practices, and procedures to all employees who work at the Defendants' restaurant.

25. This action is properly maintainable as a collective action pursuant to § 216(b) of the Act.

## FACTS

26. Based upon the information preliminarily available, and subject to discovery, beginning from in or about approximately September 2020, and continuing through at least early November 2022, Defendants employed the Plaintiff and members of the putative class to perform tasks in furtherance of their business.

27. Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Plaintiff and similarly situated employees, for all overtime hours worked in a work week.

28. Defendants refused to pay Plaintiff and similarly situated employees at one and one half times their regular rate of pay for the hours that they worked in a work week in excess of forty (40) hours.

29. Plaintiff Leiva was routinely paid $22.00 per hour.

30. Plaintiff Morales generally worked six (6) days per workweek, and generally fifty-five (55) hours each workweek.

31. Regardless of the number of hours that Plaintiff worked each week in excess of forty (40), Defendants generally improperly paid Plaintiff at his regular rate of pay only.

32. Upon information and belief, employees similarly situated to Plaintiff worked in excess of forty (40) hours in a workweek and were compensated in the same manner as Plaintiff Leiva.

33. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NJWHL, as described in this Complaint.

34. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

35. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for their hours worked in excess of forty(40) within a work week.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

36. Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

37. Plaintiff is entitled to additional compensation for Plaintiff's overtime hours worked each work week.

38. All similarly situated employees of the Defendant are also owed their overtime pay for each and every overtime hour they worked and were not properly paid.

39. Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees at one and one half times their regular rate of pay for their overtime hours worked.

40. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

41. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

42. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NJWHL

43. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

44. Defendants' aforementioned conduct is in violation of the NJWHL. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq*., the Defendants willfully failed to pay the Plaintiff and other members of the putative class their statutorily required overtime compensation for the time they worked in excess of forty (40) hours a week for the Defendants.

45. As a direct and proximate cause of Defendants' actions, Plaintiff and those similarly situated employees suffered damages, including but not limited to past lost earnings.

46. Because of Defendants' willful violations of the NJWHL, Plaintiff and similarly situated employees are entitled to treble damages.

## JURY TRIAL

47. Plaintiff and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, seek the following relief:

(1) on his first cause of action, against Defendants in an amount to be determined at trial,

plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on his second cause of action, against Defendants in an amount to be determined at trial, unpaid overtime wages, treble damages, attorneys' fees and costs as permitted under the NJWHL.

Dated: November 16, 2022                                   Respectfully submitted,

**Jaffe Glenn Law Group, P.A.**

/s/ Andrew Glenn
Andrew Glenn, Esq.
E-mail: aglenn@jaffeglenn.com
Jodi J. Jaffe, Esq.
Email: jjaffe@jaffeglenn.com
300 Carnegie Center, Suite 150
Princeton, New Jersey 08540
Tel: (201) 687-9977
Fax: (201) 595-0308